*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* R. S. GLOVER, Minor.

UNPUBLISHED
September 09, 2025
1:10 PM

No. 372803
Wayne Circuit Court
Juvenile Division
LC No. 2022-001470-NA

Before: GADOLA, C.J., and MARIANI and TREBILCOCK, JJ.

PER CURIAM.

The trial court terminated respondent's parental rights to RSG without requiring petitioner, the Department of Health and Human Services (DHHS), to make reasonable efforts toward reunification. Although Michigan law permits that action, trial courts must find aggravated circumstances before doing so. Because the trial court failed to follow that requirement, we vacate and remand for further proceedings consistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

In late August 2022, respondent's boyfriend found their son, 16-month-old CDF, unresponsive in the bedroom the couple shared. Responding officers discovered drugs in that bedroom, and tragically, CDF died from a fentanyl overdose a few days later. Following RSG's removal from respondent's care, DHHS filed a petition seeking to terminate her parental rights to RSG at the initial disposition hearing.[1] The petition alleged respondent failed to protect her children because she knew or should have known about the drugs in the home that were accessible to her children, and that RSG was at a substantial risk of harm due to their presence.

At the preliminary hearing, a Child Protective Services worker explained DHHS was not asking for reasonable efforts toward reunification to be made because respondent "expressed that she uses marijuana every day, sometimes twice a day, so she's well aware of the drugs that are in

---

[1] RSG and CDF have different fathers, and RSG's father is a nonrespondent in these proceedings.

that home, and she exposed her children to those." The trial court released RSG to her father's care, and issued an order stating reasonable efforts toward reunification were to be made regarding the father, but "shall not be made" regarding respondent. It then found statutory grounds existed to terminate respondent's parental rights under MCL 712A.19b(3)(b)(*ii*), (g), and (j), and concluded termination of respondent's parental rights was in RSG's best interests. Yet, despite ordering no reunification requirements towards respondent, the termination order (erroneously) stated the opposite: "Reasonable efforts were made to preserve and unify the family to make it possible for the child(ren) to safely return to the child(ren)'s home. Those efforts were unsuccessful." This appeal followed.

## II. TERMINATION OF PARENTAL RIGHTS

"To terminate parental rights, the trial court must find that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been proved by clear and convincing evidence." *In re Pederson*, 331 Mich App 445, 472; 951 NW2d 704 (2020). With one exception important here—the presence of "aggravated circumstances" under MCL 712A.19a(2)—"DHHS has an affirmative duty to make reasonable efforts to reunify a family before seeking termination of parental rights." *In re Simonetta*, 340 Mich App 700, 707; 987 NW2d 919 (2022) (citation and quotation marks omitted). And "[e]ven if the trial court finds that the [DHHS] has established a ground for termination by clear and convincing evidence, it cannot terminate the parent's parental rights unless it also finds by a preponderance of the evidence that termination is in the best interests of the children." *In re Sanborn*, 337 Mich App 252, 276; 976 NW2d 44 (2021) (quotation marks and citation omitted).

Respondent frames her appeal as challenging the trial court's best-interest determination because the lack of DHHS making any efforts towards reunification prevented her from demonstrating parental responsibility sufficient to rear RSG. Although she does not contest the trial court's authority to terminate her rights without DHHS engaging in reasonable reunification efforts due to the presence of aggravated circumstances, "it is well established that this Court possesses the discretion to review a legal issue not raised by the parties." *In re Walters*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 369318); slip op at 2-3 (quotation marks and citation omitted). We exercise that discretion in this case. See *id*.

"Reasonable efforts to reunify the child and family must be made in *all* cases except those involving aggravated circumstances." *In re Simonetta*, 340 Mich App at 707 (citation omitted). In those "rare circumstances," *In re Barber/Espinoza*, ___ Mich ___, ___; ___ NW3d ___ (2025) (Docket No. 167745); slip op at 3, the probate code excuses the reasonable-efforts requirement upon "a judicial determination that the parent has subjected the child to aggravated circumstances as provided in section 18(1) and (2) of the child protection law . . . MCL 722.638." The statute lists numerous qualifying aggravated circumstances, covering abuse or risk of abuse, harm, or neglect to the child or sibling that involve, for example, abandonment, criminal sexual conduct, and murder. MCL 722.638(1)(a) and (b). Importantly, "[u]nder no circumstances may a trial court terminate a parent's rights without first finding that one of these exceptions applies." *In re Walters*, ___ Mich App at ___; slip op at 1.

Because respondent did not preserve a reasonable-reunification-efforts issue for appeal, we review the trial court's judgment for plain error. *In re Pederson*, 331 Mich App 445, 463; 951

NW2d 704 (2020). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011) (quotation marks omitted). "[A]n error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *In re Utrera*, 281 Mich App 1, 9; 761 NW2d 253 (2008). Reversal is only warranted when the plain error "seriously affect[ed] the integrity, fairness, or public reputation of judicial proceedings." *In re Mota*, 334 Mich App 300, 311; 964 NW2d 881 (2020).[2]

Although this standard is discerning, the record here compels the conclusion that the trial court plainly erred in terminating respondent's parental rights without DHHS engaging in reasonable reunification efforts. DHHS did not allege any aggravating circumstances that would warrant termination at the initial disposition, let alone cite MCL 712A.19a(2) or MCL 722.638 in its petition; rather, it requested termination under MCL 712A.19b(3)(b)(*ii*), (g), and (j). Nor did the trial court make any factual findings regarding aggravated circumstances sufficient to terminate respondent's parental rights without providing reunification services. Indeed, its order provides the opposite, concluding (erroneously) that "Reasonable efforts were made to preserve and unify the family to make it possible for the child(ren) to safely return to the child(ren)'s home. Those efforts were unsuccessful."

And upon independent review of the record, we cannot conclude at this juncture that it supports the existence of aggravated circumstances sufficient to relieve DHHS's duty to provide reasonable efforts toward reunification. See MCL 712A.19a(2); MCL 722.638. As used in the Child Abuse and Neglect Protection Act, MCL 722.601 *et seq.*, "child abuse" means "harm or threatened harm to a child's health or welfare that occurs through *nonaccidental* physical or mental injury, sexual abuse, sexual exploitation, or maltreatment . . . ." MCL 722.622(g) (emphasis added). Here, there is no indication respondent or her boyfriend were abusing the children as the statute defines that term. CDF's death, while tragic, appears to be accidental, and nothing in the record demonstrates otherwise. Further, there is no evidence supporting other potential aggravating factors, like termination of rights to another child, certain serious convictions, or registering as a sex offender. See MCL 712A.19a(2)(b) to (d); MCL 722.638(1)(b).

In sum, because the record demonstrates the lack of both (1) reasonable reunification efforts towards respondent and (2) a judicial determination by clear and convincing evidence supporting an aggravated circumstance, the trial court plainly erred in terminating respondent's parental rights at initial disposition. See *In re Walters*, ___ Mich App at ___; slip op at 6.

### III. CONCLUSION

For these reasons, we vacate the order terminating respondent's parental rights, and remand to the trial court to "either order that the petitioner provide reasonable services to the respondent,

---

[2] True, the plain-error test is inapplicable in civil cases, but that rule does not apply to termination of parental rights cases because they "present different constitutional considerations." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 294 n 3; 14 NW3d 472 (2023).

or articulate a factual finding based on clear and convincing evidence that aggravated circumstances exist such that services are not required." *In re Simonetta*, 507 Mich 943, 943 (2021). We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Philip P. Mariani
/s/ Christopher M. Trebilcock

-4-